UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Rusty LaPalme,

    Petitioner,

v.

United States of America,

    Respondent.
                         /

Case No. 06-20465

Honorable Nancy G. Edmunds

**ORDER CONSTRUING PETITIONER'S RULE 60(b) MOTION AS A SECOND OR SUCCESSIVE § 2255 MOTION, AND TRANSFERRING MOTION TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT [2691]**

This matter comes before the Court on Petitioner's motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). Petitioner previously filed two § 2255 motions in this case, both of which were denied.[1] Petitioner's Rule 60(b) motion seeks relief from the Court's order denying his second § 2255 motion on the grounds that his counsel's absence from critical stages of his trial resulted in ineffective assistance under *United States v. Cronic*, 466 U.S. 648 (1984). Although Petitioner nominally presents his argument in a Rule 60(b) motion, the Court must first determine whether Petitioner's motion is properly brought pursuant to Rule 60(b) or whether it should be construed as a successive § 2255 motion. *See In re Nailor*, 487 F.3d 1018, 1021, 1022-23 (6th Cir. 2007).

---

[1] Petitioner appealed the Court's denial of his second § 2255 motion to the Sixth Circuit. The court found that Petitioner never received authorization to file a second § 2255 motion and treated his appeal as a request for authorization. The court then denied authorization. *LaPalme v. United States of America*, United States Court of Appeals for the Sixth Circuit No. 14-2262 (Mar. 18, 2015).

> [A] motion pursuant to Rule 60(b) is an appropriate avenue for relief and is not a second or successive habeas petition if it "attacks, not the substance of the federal court's resolution of the claim on the merits, but some defect in the integrity of the federal habeas proceedings." Where a Rule 60(b) motion presents a "claim," such as an attack on an earlier decision on the merits or a claim presented for the first time in the Rule 60(b) motion, it is properly considered a second or successive habeas motion.

*Hourani v. United States*, 239 F. App'x 195, 197 (6th Cir. 2007) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005)).[2]

Petitioner's argument that his trial counsel was ineffective under *Cronic* "presents a 'claim.'" *Id.* It does not "attempt to challenge either a procedural ruling that precluded a merits determination of Defendant's § 2255 motion or the integrity of the previous federal habeas proceeding." *United States v. Newton*, No. 02-50002, 2014 WL 7204985, at *5 (E.D. Mich. Dec. 17, 2014). Instead, it is either an attack on an earlier decision on the merits or a claim presented for the first time. For this reason, Petitioner's Rule 60(b) motion must be construed as a second or successive petition under § 2255. *See In re Nailor*, 487 F.3d at 1023.

Before a second or successive § 2255 motion is filed in the district court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Petitioner did not seek authorization from the Sixth Circuit. The Court must therefore transfer this case there for authorization. *See Hourani*, 239 F. App'x at 198 ("Although the district court was correct in its determination that Hourani's Rule 60(b) motion was a second or successive § 2255

---

[2] Although the question in *Gonzalez* was limited to petitions brought pursuant to 28 U.S.C. § 2254, the Sixth Circuit subsequently extended its reasoning to § 2255 motions as well. *In re Nailor*, 487 F.3d at 1022-23.

2

motion, the proper course was for the district court to transfer the case to this court for certification.").

Accordingly, because the Court construes Petitioner's Rule 60(b) motion as a second or successive petition under § 2255, it is ORDERED that the Clerk of the Court shall TRANSFER Petitioner's motion to the Court of Appeals for the Sixth Circuit, pursuant to 28 U.S.C. § 1631 and *In re Sims*, 111 F.3d 45, 47 (6th Cir.1997).

SO ORDERED.

S/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  May 20, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 20, 2015, by electronic and/or ordinary mail.

S/Carol J. Bethel
Case Manager